## INGALLS v. MAINE CENT. R. CO.

District Court, D. Maine, S. D.
July 27, 1931.

See also (D. C.) 24 F.(2d) 113; (D. C.) 49 F.(2d) 631.

John W. Hill and F. R. Dyer, both of Portland, Me., for plaintiff.

Col. George E. Fogg, of Portland, Me., for defendant Maine Cent. R. Co.

PETERS, District Judge.

This was an action brought to recover some overcharges on freight, and the court is asked to fix a reasonable attorney's fee to be taxed as costs under the provisions of section 8 of the Interstate Commerce Act (49 USCA § 8).

Speaking of that part of the section covering the matter of attorney's fee, the Supreme Court says, in Meeker & Co. v. Lehigh Valley R. R., 236 U. S. 412, page 433, 35 S. Ct. 328, 336, 59 L. Ed. 644, Ann. Cas. 1916B, 691: "The evident purpose is to charge the carrier with the costs and expenses entailed by a failure to pay without suit,—if the claimant finally prevails,—and to that end to tax as part of the costs in the suit wherein the recovery is had a reasonable fee for the services of the claimant's attorney in instituting and prosecuting that suit."

The plaintiff has established his claim for $196.29 and is entitled to a reasonable attorney fee in addition. No evidence was presented to me as to the nature and extent of services rendered or the value of the same, except an informal statement of counsel that the usual charges for all work done in connection with the rather protracted litigation would amount to several times the amount recovered. My information is to be gained from the record. Evidently a large amount of work has been done by counsel for plaintiff in this case, but most of it in an effort to collect $1,500 or more claimed to be recoverable instead of the sum finally awarded. If the amount recovered had been $1,500, a fee of $500 might not have been regarded as unreasonable, considering the amount of work that must have been performed, both in the hearings before the auditor and in this court; but the $200 (approximately) recovered cannot be loaded with fees that might be chargeable for collecting a larger sum that was denied. The fee must be considered on the basis of instituting and prosecuting a suit which resulted in the recovery of some $200. Taking the result into account, as a lawyer does in making his charges, it would seem that a fee of $75 would be reasonable under the circumstances, and that amount is fixed as an attorney fee in this case to be taxed by the clerk as a part of the costs.